# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GUERRA CANTU, an individual as assignee of International Steel Company, S.A. de C.V., A Mexican Corporation,<br><br>Plaintiff,<br>vs.<br><br>SAC INTERNATIONAL STEEL, INC.,<br><br>Defendant. | CASE NO. 10 CV 547 JLS (WVG)<br><br>**ORDER**: **GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 4.) |

Presently before the Court is Defendant SAC International Steel, Inc.'s motion to dismiss the complaint in the above-captioned matter. (Doc. No. 4.) Also before the Court is Plaintiff's opposition and Defendant's reply. (Doc. Nos. 9, 11.) For the reasons stated below, the Court **HEREBY GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss.

## BACKGROUND

Plaintiff initiated this action on March 15, 2010 by filing a complaint in this Court on the basis of diversity jurisdiction. (Doc. No. 1 ("Compl.").) The action arises out of a contract entered into by International Steel Company ("International Steel"), a Mexican corporation, and SAC International Steel, Inc. ("SAC"), a corporate resident of California. (*Id.* ¶¶ 2, 3.) Plaintiff Carlos Guerra Cantu is the purported founder of International Steel Company. (*Id.* ¶ 1.) International Steel allegedly ordered coiled galvanized steel and Galvalum from SAC which Plaintiff contends

was not of suitable quality or quantity, was not delivered in a merchantable condition, and was not delivered in a timely manner.  (*Id.* ¶¶ 5-7.)  The Complaint alleges seven causes of action: (1) breach of contract; (2) breach of express warranty; (3) breach of implied warranty of merchantability; (4) breach of the implied warranty of fitness for a particular purpose; (5) negligence; (6) negligent misrepresentation; (7) fraud.

Defendant filed a motion to dismiss the complaint on April 13, 2010.  (Doc. No. 4.)  Plaintiff filed an opposition to the motion on June 3, 2010 and Defendant filed a reply on June 10, 2010.  (Doc. No. 10.)  The matter was thereafter taken under submission without oral argument.

## DISCUSSION

In its motion to dismiss, Defendant asserts several grounds for dismissing the complaint: (1) improper venue; (2) Plaintiff's lack of capacity or standing to sue; and (3) failure to state a claim upon which relief can be granted as to Plaintiff's sixth and seventh causes of action for negligent misrepresentation and fraud;(*See* Doc. No. 4.)  Defendant also asserts that certain prayers for relief should be stricken.  (*Id.*)  The Court will discuss each.

**I.     Improper Venue**

Plaintiff's complaint alleges that venue in the Southern District of California is proper because "Defendant . . . is a corporate resident of California, organized under laws of the State of California and doing business in this judicial district." (Compl. ¶ 2.)  Defendant brings a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

The present action is before this Court solely based on diversity jurisdiction.  (*See* Compl. ¶ 1.)  As such, venue is proper pursuant to 28 U.S.C. § 1391, in pertinent part, in "a judicial district where any defendant resides, if all defendants reside in the same State . . ." 28 U.S.C. § 1391(a)(1).  The only Defendant in this action resides in the state of California.  As such, venue is proper in the district where Defendant "resides."  "For purposes of venue . . . a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 26 U.S.C. § 1391(c).  As such, the Court must determine whether Defendant's contacts in the Southern District of California would subject it to personal jurisdiction as if this "district were a separate State."  *See id.*  "It is Plaintiff's burden to

establish that Defendant 'resides' (i.e., is subject to personal jurisdiction) in this district or in this state." *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1109 (C.D. Cal. 2001); *see also Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995).

For purposes of personal jurisdiction, "a defendant, if not present in the forum, must have 'minimum contacts' with the forum state such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing *Int'l Shoe Co.*, 326 U.S. at 315). To determine "whether a party's 'minimum contacts' meet the Supreme Court's directive[,]" the Ninth Circuit has developed a three-part test: "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Id.* (citation omitted).

Plaintiff alleges in his complaint that Defendant does business in this district as well as the factual allegation that some of the shipment ordered pursuant to the contract at issue was delivered to a warehouse in Calexico, CA, which is located in this district.[1] (*See* Compl. ¶¶ 2, 7; *see also* Cantu Decl. ¶ 7.) These allegations, taken as true, are sufficient to establish a prima facie showing of minimum contacts within this district sufficient to subject Defendant to personal jurisdiction. *See Pebble Beach* Co*.,* 453 F.3d at 1155; *see also Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of the U.S.*, 497 F.3d 972, 975 (9th Cir. 2007) ("We accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party" unless contradicted by documents referred to in the complaint."). Further, while it is undisputed that Defendant's principal place of business is in Los Angeles, CA, Defendant offers no evidence to rebut Plaintiff's allegations that it has minimum contacts in the Southern District of California sufficient to establish personal jurisdiction and therefore proper venue.

To be sure, in his moving papers, Plaintiff's counsel submits:

In addition to the Los Angeles office, SAC only has two other North American warehouse

---

[1] Plaintiff also submits evidence that Defendant holds itself out as a "global company" with operations throughout various countries. (*See* Ayers Decl. ¶ 2-5, Exs. 1, 2.) These do not, however, support that Defendant specifically does business or has contacts in this district.

>locations, one in Sacramento and the other in Chicago, Illinois. There are no offices in San Diego County or in any other part of Southern California. Further, [Defendant] does not conduct business within the San Diego County area or in the Southern District of California.

(Reply at 2.) However, this unsworn submission by Plaintiff's counsel is not "evidence" sufficient to rebut Defendant's allegations in his Complaint that Plaintiff does do business in this district and, in fact, did do business insofar as the action arises in part from the alleged mis-delivery of the steel in Calexico, CA.[2]

As such, the Court **DENIES** Defendant's motion to dismiss or, in the alternative, transfer this action for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

## II.     Standing or Capacity to Sue

Defendant also contends in its motion that Plaintiff does not have the "capacity" and/or the standing to bring this suit. The basis for Defendant's argument is that Plaintiff does not have the authority to bring this action on behalf of International Steel Company. Plaintiff is a co-owner of International Steel Company. (*See* Cantu Decl. ¶ 2; *see also* Jimenez Decl. ¶ 1.) In his complaint, Plaintiff alleges that he is an assignee of International Steel Company.[3] (*See* Compl. at 2.)

Federal Rule of Civil Procedure 9(a) provides: "Except when required to show that the court has jurisdiction, a pleading need not allege: (A) a party's capacity to sue or be sued; (B) a party's authority to sue or be sued in a representative capacity . . . ." Fed. R. Civ. P. 9(a)(1). A party must raise the issue of capacity by "specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." Fed. R. Civ. P. 9(a)(2). However, "[t]he question of a litigants capacity or right to sue or to be sued generally does not affect the subject matter jurisdiction of the district court." *Summers v. Interstate Tractor & Equipment Co.*, 466 F.2d 42, 49-50 (9th Cir. 1972); *see also De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 878 n.4 (9th Cir. 2000). Here, diversity jurisdiction would not be destroyed even if Plaintiff did in fact lack authority to sue because International Steel Company is a Mexican company and

---

[2] The President of Defendant did submit a declaration establishing Los Angeles as its principal place of business but does not declare that it does not do business in this district. (*See* Chohan Decl. ISO MTD.)

[3] It is undisputed that Plaintiff did not individually enter into the contract at issue in this case.

Defendant is a company located in California. Plaintiff's authority to bring the suit on behalf of International Steel does not affect this.

The Court also finds that Plaintiff, as alleged in the Complaint, sufficiently establishes that he has standing to sue on behalf of the corporation by asserting that he is an assignee of the corporation in his complaint. Plaintiff has the burden of establishing standing, and standing "must be supported in the same way as any other manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). At the motion to dismiss stage, the Court is constrained by the allegations in the complaint. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."). International Steel's co-owner's declaration that Plaintiff does not have authority to sue is not evidence to be considered by the Court at a motion to dismiss stage, as it is not subject to judicial notice.[4] *See id.* As such, the Complaint sufficiently establishes Plaintiff's standing to bring this matter before the Court and therefore the Court **DENIES** Defendant's motion to dismiss for lack of standing.[5]

### III.     Failure to State a Claim Upon Which Relief May be Granted

Defendant further contends that Plaintiff's sixth and seventh causes of action for negligent misrepresentation and fraud should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) permits a court to dismiss a complaint for two reasons: (1) lack of a cognizable legal theory or (2) pleading of insufficient facts under an adequate theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990) (internal citation omitted). Further, allegations of fraud, including negligent misrepresentation, must be "stated with particularity." Fed. R. Civ. P. 9(b).

Defendant first contends that Plaintiff fails to specify which species of fraud his alleges, for

---

[4] Moreover, Plaintiff is not required to submit evidence in opposition in an effort to rebut this declaration, or else Plaintiff runs the risk of converting the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

[5] That said, by asserting lack of capacity and lack of standing based on Plaintiff's lack of authority to sue in his motion to dismiss, Defendant does not waive these defenses. *See Summers*, 466 F.2d at 49-50; *De Saracho*, 206 F.3d at 878 & n.4.

example: intentional misrepresentation, negligent misrepresentation, concealment or suppression of fact, or promissory fraud. *See* Cal. Civ. Code § 1710. In his opposition, Plaintiff asserts that the allegation of fraud pled is that of intentional misrepresentation. (*See* Opp. to MTD at 6.) However, Defendant points to the allegation in the complaint that Defendant "concealed the fact that the steel was not premium" as the source of confusion. (*See* Compl. ¶ 47.) The Court agrees. While the complaint does allege, as Plaintiff readily asserts, an intentional misrepresentation claim, the complaint also appears to allege an intentional concealment fraud claim which is a fundamentally different fraud claim. As such, the Court **GRANTS** Defendants' motion to dismiss the seventh cause of action in an effort to clarify which legal theory of fraud Plaintiff is asserting.[6] Because leave to amend would not be futile, however, the Court dismisses this claim **WITHOUT PREJUDICE.** *See DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).

Defendant further contends that Plaintiff failed to plead his negligent misrepresentation claim with particularity because he failed to assert the materiality of the fact allegedly misrepresented. (*See* MTD at 9.) The Court is unconvinced. The materiality of the alleged fact misrepresented is clear from the complaint and from the fact itself. However, in the interest of clarity and to resolve Defendant's concerns, especially considering this Court is granting leave to amend the seventh cause of action, the Court **GRANTS** Defendants' motion to dismiss the sixth cause of action and dismisses the claim **WITHOUT PREJUDICE.**

**IV.     Motion to Strike Prayers for Relief**

Finally, Defendant moves the Court to strike Plaintiff's prayers for relief for special damages pursuant to Federal Rule of Civil Procedure 9(g) and 12(f).[7] Specifically, Defendant argues that Plaintiff has provided no support for attorneys fees, nor did he pray for special or consequential damages with specificity. (*See* Compl. at 8 (seeking only special and consequential damages "in an [a]mount to be determined at trial").) In response, Plaintiff concedes there is no

---

[6] Plaintiff also points to an apparent typographical error indicating that Defendant, instead of Plaintiff, did not know the quality of the steel. (*See* Compl. ¶ 48.) This should be corrected, as well, if Plaintiff elects to file an amended complaint.

[7] Rule 9(g) requires special damages to be specifically stated. Rule 12(f) sets the standard for motions to strike.

1  statute or contract which entitles him to an award of attorney's fees and therefore the Court
2  **GRANTS** Defendant's motion to strike this prayer for relief.  Further, Plaintiff's prayers for relief
3  of special damages and consequential damages do not meet the standard set forth by Rule 9(g).  As
4  such, the Court **GRANTS** Plaintiff's motion to strike these prayers for relief, with leave to amend
5  so as to be re-pled with the specificity required by Rule 9(g).

## CONCLUSION

7      For those reasons, the Court **DENIES** Defendants' 12(b)(3) motion to dismiss for improper
8  standing, **DENIES** Defendant's motion to dismiss for lack of capacity or standing to sue,
9  **GRANTS** Defendant's 12(b)(6) motion to dismiss the sixth and seventh cause of action, and
10  **GRANTS** Defendant's 12(g) motion to strike to prayer for relief for attorneys fees, special
11  damages, and consequential damages.  The Court further **GRANTS** leave to amend all dismissed
12  and stricken claims.  If Plaintiff wishes to do so, Plaintiff **SHALL FILE** a first amended
13  complaint curing the above deficiencies <u>within 20 days of this order being electronically docketed</u>.

15  IT IS SO ORDERED.

17  DATED:  September 2, 2010

18                                          *Janis L. Sammartino*
                              Honorable Janis L. Sammartino
19                                United States District Judge